UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* EMIL IVANOV, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-1619 (RCL) |
| EXELIS, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Before the Court is defendant Exelis, Inc.'s motion [39] to dismiss relator Ivanov's first amended complaint. After having considered the motion, the opposition and reply thereto, and the record herein, the Court has granted Exelis's motion to dismiss.

**I.     Background**

Relator Ivanov worked as a test engineer for defendant Exelis, Inc. from 2007 until Exelis terminated his employment in 2010. He was assigned to work on the SBS Contract, a best-efforts contract Exelis had with the Federal Aviation Administration "for the development, testing, installation, and deployment of the ground-based system for the United States' new air traffic control system." Def.'s Mot. 1. Alleging fraudulent testing in his 127-page Complaint, Ivanov brought this action under the False Claims Act (FCA). Exelis sought dismissal of his first amended complaint.

**II.     Legal Standard**

   **a.     Rule 12(b)(6)**

1

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

   b. **Rule 9(b)**

Federal Rule of Civil Procedure 9(b) applies to FCA actions. *United States v. Toyobo Co., Ltd.*, 811 F. Supp. 2d 37, 44 (D.D.C. 2011) (citing *United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 551-52 (D.C. Cir. 2002)). An FCA plaintiff "must state with particularity the circumstances surrounding the defendants' allegedly false claims, as required by Rule 9(b) of the Federal Rules of Civil Procedure. He must also aver that the defendants actually submitted false *demands for payment*, rather than merely non-conforming goods." *Totten*, 286 F.3d at 544. The "time, place, and contents of the false representations" must be pleaded with specificity, as these are the "elements of fraud about which the rule is chiefly concerned." *Id.* (citing 5 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1297 (2d ed. 1990); *accord United States v. Kellogg Brown & Root Sevs., Inc. ("KBR")*, 800 F. Supp. 2d 143, 152 (D.D.C 2011) ("the pleader must state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud.") (internal quotations and citations omitted).

   c. **FCA Retaliation Claims**

The FCA's whistleblower protection provision entitles an employee who, *inter alia*, is discharged or discriminated against in the terms and conditions of his employment, as the result of engaging in protected activity, "to all relief necessary to make the employee whole." 31 U.S.C. § 3730(h) (2009). To prevail on an FCA whistleblower claim, an employee must demonstrate that:

> (1) he engaged in protected activity, that is, "acts done . . . in furtherance of an action under this section"; and (2) he was discriminated against "because of" that activity. To establish the second element, the employee must in turn make two further showings. The employee must show that: (a) "the employer had knowledge the employee was engaged in protected activity"; (b) "the retaliation was motivated, at least in part, by the employee's engaging in [that] protected activity."

*United States ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1260 (D.C. Cir. 2004) (alteration in original) (quoting *United States ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 736 (D.C. Cir. 1998)); *accord Shekoyan v. Sibley Int'l*, 409 F.3d 414, 422 (D.C. Cir. 2005). Regarding the first element of a whistleblower retaliation claim, "[m]ere dissatisfaction with one's treatment on the job is not . . . enough. Nor is an employee's investigation of nothing more than his employer's noncompliance with federal or state regulations." *Shekoyan*, 409 F.3d at 423 (alteration in original) (citing *Yesudian*, 153 F.3d at 741). Regarding the second element, "[u]nless the employer is aware that the employee is investigating fraud, . . . the employer could not possess the retaliatory intent necessary to establish a violation of §." *Williams*, 389 F.3d at 1260-61 (second alteration in original) (quoting *Yesudian*, 153 F.3d at 744). Plaintiffs who allege that "performance of their normal job responsibilities constitutes protected activity must 'overcome the presumption that they are merely acting in accordance with their employment obligations' to put their employers on notice." *Id.* at 1261 (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 568 (6th Cir. 2003)).

### III. Analysis

#### a. Counts I and II do not state claims upon which relief may be granted.

Rather than responding to Elexis's arguments point by point, Ivanov seems to cross his arms, stamp his feet, and cry, "It's just not fair!" That is not enough to survive a 12(b)(6) motion, notwithstanding the assumption that all of Ivanov's allegations are true.

Exelis's principal argument proceeds as follows: First, there was no express certification of work that had not been done. *See* Def.'s Mot. 12. Therefore, an FCA violation is possible in this case only with implied certification, which in turn requires that certification was a prerequisite to government action (i.e. payment). *Id.*; *United States v. Sci. Applications Int'l Corp.*, 626 F.3d 1257 (D.C. Cir. 2010). Here, certification was not a prerequisite because of the cost-plus-incentive-fee nature of the contract. *See id.* at 13–14. Specifically, the SBS Contract is a best-efforts contract, *see* FAA Clauses 3.3.1-12(a) & 3.3.1-14(a) (available at http://conwrite.faa.gov), for which the United States pays costs up to a set amount, regardless of any certification of compliance. *See* Def.'s Mot. 14–16.

Ivanov responds first that Exelis is liable because the products were defective and therefore literally false. *See* Pl.'s Opp'n 20–22. But a defective product does not a false claim make when there is no material *claim* to the contrary. Second, Ivanov states that "the contractually required verifications are an express certification of compliance that tests were done when then they were not performed or verified as required." *Id.* at 22. That statement comes with neither a citation to the contract nor any tie-in to any request for payment, which is required for an FCA violation. Lastly, Ivanov claims that the billing under the contract was contingent on successful completion of the project. *Id.* at 23–24. In support of that, he argues that the contract was not in fact a cost-plus contract because the best efforts clauses were not in

4

fact in it. *Id.* at 25. That is simply false. The best efforts clauses were incorporated by reference into the contract: "This screening information request (SIR) or contract, as applicable, incorporates by reference the provisions or clauses listed below [including FAA Clauses 3.3.1-12(a) & 3.3.1-14(a)] with the same force and effect as if they were given in full text." ECF No. 39-2 at 89–90.

For those reasons, relator's first amended complaint does not survive the 12(b)(6) motion to dismiss. Because the complaint does not state a claim upon which relief may be granted, the Court need not address Exelis's alternative argument for dismissal, that Ivanov did not plead an FCA violation with sufficient particularity.

**b. Count III does not state a claim upon which relief may be granted.**

A retaliation claim under the FCA requires that the claimant engaged in a protected activity and that he was discriminated against because of that activity. Ivanov did not plead any facts in support of either element. On the first element, Ivanov offered only the statement that he "investigated conduct on the part of Defendant that he reasonably believed violated the False Claims Act." Compl. ¶ 329. But the facts do not go beyond his normal job responsibilities as a test engineer. On the second element, Ivanov made the following conclusory statement: "Defendant was aware Relator had engaged in activities in furtherance of a potential action under the *qui tam* provisions of the False Claims Act . . . ." *Id.* at ¶ 330. Again, without any facts showing that Ivanov engaged in activity outside of his normal job responsibilities, Exelis could not have been on notice that he was engaged in protected activity, let alone motivated by it.

The circumstances of this case are strikingly similar to those in *Yuhasz v. Brush Wellman*, 341 F.3d 559 (6th Cir. 2003), a Sixth Circuit case that also ended in dismissal. In that case, as in this one, Yuhasz worked in a testing laboratory and alleged that his employer failed to perform

required tests, and also informed his employer "of the unlawful and illegal nature of its certifications of compliance." *Id.* at 567. Nonetheless, the Sixth Circuit held that "Yuhasz was simply performing his ordinary duties as a supervisor of laboratory testing" and so his employer "cannot be charged with notice on this basis." *Id.*

Ivanov argues that the complaint in *Yuhasz* is distinguishable because it "was short on specifics, made no particularized allegations of wrongdoing, and as a supplier, made no direct links to false bills to the Government." Pl.'s Opp'n 45 (citing *Yuhasz*, 341 F.3d at 564). But that is a misreading because the cited portion refers not to the retaliation claim in *Yuhasz*, but to whether the plaintiff stated an FCA claim with sufficient particularity.

## IV. Conclusion

For the foregoing reasons, the Court grants defendant's motion to dismiss relator's first amended complaint.

Signed by Royce C. Lamberth, U.S. District Judge, on May 13, 2014.